UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, as subrogee of TBT AVIATION, LLC, and TBT AVIATION, LLC, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CAUSE NO. 1:11-cv-81 ) |
| GOSHEN AIR CENTER, INC., JUSTIN DALE, and RANDALL SHARKEY, | ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

This case was filed in this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 1.) The Complaint alleges that Allianz Global Risks US Insurance Company ("Allianz") is a California corporation with its principal place of business in either Chicago, Illinois, or Burbank, California. (Compl. ¶ 1.) It also claims that TBT Aviation, LLC ("TBT") is an Ohio Limited Liability Company whose owner is an Ohio resident (Compl. ¶ 2) and that TBT has fully subrogated its claims against the Defendants to Allianz. (Compl. ¶ 12.) Finally, the Complaint alleges that Defendants Justin Dale and Randy Sharkey are Indiana residents. As they stand, the Plaintiffs' allegations are not sufficient to establish diversity jurisdiction under 28 U.S.C. § 1332(a).

The Plaintiffs must first amend the complaint to clarify their own citizenship. Corporations "are deemed to be citizens of the state in which they are incorporated *and* of the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (emphasis added); *see* 28 U.S.C. § 1332(c)(1). The Plaintiffs allege that

Allianz has its principal place of business in either Illinois or California—they must, however, specify which state. *See Hertz Corp. v. Friend*, 130 S.Ct. 1181(2010) (holding that a corporation's principal place of business is its "nerve center").

In the complaint, the Plaintiffs allege that TBT has fully subrogated its claims against the Defendants to Allianz. TBT is also apparently bringing claims on its own behalf that do not arise from the insurance policy. "[T]otal subrogation . . . results in focusing solely on the subrogee's citizenship for diversity purposes, [while] partial subrogation forces a look at both subrogee and subrogor. . . ." *Pepsico Do Brasil, Ltda v. Oxy-Dry Corp.*, 534 F. Supp. 2d 846, 848 (N.D. Ill. 2008). If TBT has, in fact, partially subrogated its claims to Allianz, or is independently asserting other claims, the Complaint must also be amended to state the *citizenship* of all members of TBT Aviation, LLC. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (A limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members."). Moreover, citizenship must be "traced through multiple levels" for those members of TBT who are themselves a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Finally, the Complaint alleges that Defendants Dale and Sharkey are Indiana residents. The Plaintiffs must, however, amend the Complaint because the "residency" of a party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters."[1] *Guar. Nat'l*

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992); *see Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). Furthermore, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425,

*Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332; *Nilssen v. Motorola, Inc.*, 255 F.3d 410, 412 (7th Cir. 2001). "For natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence.").

Therefore, the Plaintiffs are ORDERED to file an Amended Complaint forthwith, properly alleging their own citizenship and that of Defendants Dale and Sharkey.

SO ORDERED.

Enter for March 9, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World*, LLC, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003).