**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| ALLIANZ GLOBAL RISKS US INSURANCE COMPANY as Subrogee of TBT Aviation, LLC, And TBT Aviation, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 1:11-CV-081 |
| GOSHEN AIR CENTER, INC., JUSTIN DALE, and RANDALL SHARKEY, | ) ) ) ) | |
| Defendants. | ) ) | |
| GOSHEN AIR CENTER, INC., | ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| ESTLICK-GIRVIN & LEFEVER INSURANCE AGENCY d/b/a STAR INSURANCE, | ) ) ) | |
| Third-Party Defendant. | ) ) | |
| ESTLICK-GIRVIN & LEFEVER INSURANCE AGENCY d/b/a STAR INSURANCE AGENCY, | ) ) ) | |
| Fourth-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| ARLINGTON/ROE & CO., INC., | ) ) | |
| Fourth-Party Defendant. | ) | |

## OPINION AND ORDER

### I.  INTRODUCTION

On March 4, 2011, Plaintiff Allianz Global Risks US Insurance Company, as subrogee of

Plaintiff TBT Aviation LLC, filed its Complaint in this Court against Defendants Goshen Air

Center, Inc., Justin Dale, and Randall Sharkey (collectively, "Goshen Air Center") based on

diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).[1] (Docket # 1.) Plaintiffs allege that

Defendants' negligence during an annual inspection of TBT Aviation LLC's helicopter resulted

in damage to the aircraft. (Compl. ¶¶ 8-9.)

On June 6, 2011, Defendants and now Third Party Plaintiffs, Goshen Air Center, filed a

Third Party Complaint against Estlick-Girvin & Lefever Insurance Agency ("Star Insurance")

asserting that Star Insurance failed to procure appropriate insurance to meet Goshen Air Center's

needs. (Docket # 20.)

On July 20, 2011, Star Insurance filed its Amended Fourth Party Complaint against

Arlington/Roe & Co., Inc. ("Arlington/Roe"), alleging that Arlington/Roe—Star Insurance's

insurance broker—failed to advise and procure for Star Insurance the insurance coverage for the

type of loss described in the original complaint. (Docket # 31; Am. Fourth Party Compl. ¶ 12.)

The Amended Fourth Party Complaint was brought based on supplemental jurisdiction pursuant

to 28 U.S.C. § 1367(b) and is dependent on the Court exercising jurisdiction over the Third Party

Complaint. (Am. Fourth Party Compl. ¶ 3.)

## II. JURISDICTION

At the telephonic status conference held on August 18, 2011, the Court questioned

whether it had jurisdiction over the Third Party and Fourth Party Complaints. (Docket # 41.)

Because there is neither diversity of citizenship between the parties in either complaint (s*ee*

Third Party Compl. ¶¶ 1-4; Am. Fourth Party Compl. ¶¶ 1-2) nor a federal question involved in

---

[1]Jurisdiction of the undersigned Magistrate Judge over the original complaint is based on 28 U.S.C. § 636(c), all original parties consenting. (Docket # 14.)

either of these claims (*see* Third Party Compl. ¶¶ 18-21; Am. Fourth Party Compl. ¶ 19), the only remaining basis of this Court's jurisdiction, if any, is supplemental jurisdiction pursuant to 28 U.S.C. § 1367(b).  As such, the Court asked counsel to submit briefs in support of the Court's subject matter jurisdiction under § 1367(b).  (Docket # 41.)  The parties filed the requested briefs on September 12, 2011.  (Docket # 42, 43.)

After reviewing the submitted briefs, the Court is not convinced that it has supplemental jurisdiction over the Third Party and Fourth Party Complaints.  Section 1367 confers supplemental jurisdiction on district courts when the claims are so related to the action over which the court has original jurisdiction that "they form part of the same case or controversy," 28 U.S.C. § 1367(a), which requires that the claims "derive from a common nucleus of operative facts," *Sanchez & Daniels v. Koresko*, 503 F.3d 610, 614 (7th Cir. 2007).  Here, however, the set of facts surrounding Plaintiffs' negligence claims against Goshen Air Center appear to be significantly different from the facts central to Goshen Air Center's claim against Star Insurance for failure to procure insurance, which leads the Court to the conclusion that exercising supplemental jurisdiction would be inappropriate.  *See Washington v. Parkview Hosp.*, No. 1:09-CV-1-TS, 2009 WL 1605290, at *3 n.2 (N.D. Ind. June 4, 2009); *Alfano v. City of Spring Valley*, No. 07-1297, 2008 WL 4491958, at *9-10 (C.D. Ill. Sept. 29, 2008); *Tech Enter., Inc. v. Wiest*, 428 F. Supp. 2d 896, 903 (W.D. Wis. 2006).  Accordingly, Goshen Air Center's third party claim, as well as the dependent fourth party claim, seem too attenuated from Plaintiffs' negligence claim to constitute the same case or controversy for supplemental jurisdiction purposes.  *See Coll. Network v. Cincinnati Ins. Co.*, No. 1:10-CV-0370-JMS-DML, 2011 WL 767732, at *3 (S.D. Ind. Feb. 25, 2011).

### III.  CONCLUSION

Because it appears that the Court does not have supplemental jurisdiction over Goshen

Air Center's claim against Star Insurance and Star Insurance's claim against Arlington/Roe, the

Court will consider dismissing the Third Party Complaint and the Fourth Party Complaint

without prejudice under Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1367.  The

Court, however, will afford the parties one further opportunity to show that supplemental

jurisdiction does in fact exist, with briefs in support due by October 11, 2011.

SO ORDERED.

Entered this 26th day of September, 2011.

/s/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge